UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANNY R. REYNOLDS, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:06-CV-038 RM ) ) |
| JOHN R. VanNATTA, and CHAD BARR | ) ) ) |
| Defendants | ) ) |

OPINION AND ORDER

Danny R. Reynolds, a *pro se* prisoner, submitted a complaint and a more definite statement pursuant to FED. R. CIV. P. 12(e). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>   In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Reynolds alleges that Superintendent John R. VanNatta and Medical Director Chadd Barr are responsible for the actions of their employees whom he believes are liable for his injuries.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Mr. Reynolds has not alleged, in either his complaint nor his more definite statement, that either of these defendants had any actual knowledge of his condition. Therefore he does not state a claim against them and they must be dismissed.

It is possible to permit an inmate to proceed against a senior official for the sole purpose of identifying the actual names of the defendants whose names he does not know. Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996). But there is no indication that Mr.

Reynolds does not know the names of the employees whom he believes are responsible for his injuries. Furthermore, though it is clear that he has suffered an injury, based on this complaint and the more definite statement, it is not clear that anyone acting under color of state law is liable to him for having violated his rights under the Eighth Amendment. Nevertheless, because it is possible that he may yet be able to state a claim against someone, rather than simply dismiss this complaint, the court will permit him the opportunity to file an amended complaint. The amended complaint *must* identify a defendant(s) and describe how he or she was individually involved in violating his rights under the Eighth Amendment. If Mr. Reynolds does not file an amended complaint on or before the deadline, this case will be dismissed because it does not state a claim for which relief can be granted.

For the foregoing reasons, this court:

(1) DISMISSES John R. VanNatta and Chadd Barr ;

(2) GRANTS Mr. Reynolds to and including July 14, 2006 to file an amended complaint;

(3) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Mr. Reynolds along with a copy of this order; and

(4) CAUTIONS Mr. Reynolds that if he does not file an amended complaint on or before that date, this case will be dismissed because it does not state a claim for which relief can be granted.

3

SO ORDERED.

ENTERED: June  9 , 2006

                                                    /s/ Robert L. Miller, Jr.
                                                    Chief Judge
                                                    United States District Court